IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

United States of America,

    Plaintiff,

vs.                                                             Case #2:25 CR 150

Bryan W. Adams,                         Judge Michael Watson

    Defendant.

## **MEMORANDUM IN SUPPORT OF RELEASE PENDING SENTENCING**

**INTRODUCTION**:

Bryan Adams will waive indictment and plead guilty under a Plea Agreement with a mandatory minimum of five years and a maximum of twenty years. The government plans to ask the Court to remand him on the plea date. The defense asks for release on strict conditions through sentencing so he can stay in treatment and finish critical family and financial tasks before he surrenders. The law allows it when two showings are made: first, clear and convincing evidence that he will not flee and is not a danger; and second, exceptional reasons that make detention inappropriate in the short window before sentencing. See 18 U.S.C. §§3143(a)(1), 3143(a)(2), and 3145©. The Sixth Circuit confirms district courts may grant release under §3145©. See *U.S. v. Christman*, 596 F.3d 870, 871-872 (6th Cir., 2010).

**FACTS**:

Mr. Adams learned of the investigation in April, 2025. He stayed in the district. He retained counsel. He has cooperated and remained available for every step. He has executed the Plea Agreement and accepts that he will serve a prison term. He will agree to immediate surrender on the sentencing date.

He began licensed mental health treatment in April, 2025. He has completed eighteen sessions through August 29th. His clinician recommends continued therapy through sentencing to maintain stability, reduce risk, and prepare for custody.

-1-

Mr. Adams' family sold their longtime home and moved to an apartment in preparation for his absence. He was the primary earner and carried the health insurance. Bills, insurance accounts, and moving and storage tasks must be finalized so the family can function while he is in prison. If permitted, he will work before sentencing to help stabilize the family finances and set up a plan before he surrenders.

There is an allegation that Mr. Adams sought to join a youth mentoring program to pursue contact with a person he believed was sixteen. No hands-on contact occurred. No meeting took place. The defense does not minimize it. The conditions below close the specific path of that attempt and add verified treatment and third party monitoring.

**WHY CONTINUED RELEASE UNTIL SENTENCING IS NECESSARY**:

1. Treatment continuity. Mr. Adams' therapist has seen him since April, 2025; eighteen sessions. The provider recommends continuing through sentencing. Cutting it off now would set him back and would remove a stabilizing structure right before surrender.

2. Housing and Finances. The home sale and relocation are complete but the handoff is not. He needs to finalize bill pay, insurance accounts, storage, move work, and a simple income and expense plan so his family is stable while he is in prison.

3. Caregiving transfer. Mr. Adams assists his mother and stepfather, who has significant medical needs after brain surgery. He also assists a disabled family member with errands and appointments. These duties need a planned transfer that others can follow.

4. Short and defined period. Sentencing should be set three to four months out. Mr. Adams will agree to immediate surrender on the sentencing date. Release is temporary and controlled.

**ARGUMENT**:

A.  <u>Clear and convincing evidence shows Mr. Adams will not flee</u>.  Mr. Adams has known about this case since April.  He stayed.  He hired counsel.  He cooperated.  He will plead guilty and face a certain sentence.  He will accept strict conditions and will surrender at sentencing.  The evidence is undisputed and clear, and convincing evidence establishes that Mr. Adams will appeal.  18 U.S.C. §3143(a)(1).

B.  <u>Clear and convincing evidence shows conditions will reasonably assure safety</u>.  The question is safety.  Under 18 U.S.C. §3142(g), the Court looks at risk and how to manage it.  The record shows Mr. Adams is not a danger to the community.  If the government truly believed otherwise, it would have sought detention in April when he learned of the case.  It did not.  That choice undercuts any claim of danger now.  The Court can also control risk by imposing any conditions of release it deems appropriate.  With conditions in place, the evidence shows by clear and convincing proof that Mr. Adams will not pose a danger, satisfying 18 U.S.C. §3143(a)(1).

C.  <u>Exceptional reasons support release until sentencing</u>.  §3145© allows release where detention would otherwise be mandatory if the defendant meets §3143(a)(1) and shows exceptional reasons.  The Sixth Circuit confirms district courts have that authority.  See <u>U.S. v. Christman</u>, 596 F.3d 870, 871-872 (6th Cir., 2010).  This case is more than ordinary hardship.  Mr. Adams has maintained contact with counsel and remained stable since April.  The window to sentencing is short and defined.  Therapy is ongoing with documented progress and a clinical recommendation to continue through sentencing.  A concrete handoff of housing, finances, and caregiving is already underway to protect his family and ensure a stable surrender.  Taken together, and coupled

-3-

with strict conditions, this is not the run of cases.  The Court should grant release under §3145©.

**CONCLUSION**:

The Court can find by clear and convincing evidence that Mr. Adams will not flee and is not a danger if released under strict conditions.  The Court can also find exceptional reasons to allow release in the short period before sentencing so he can remain in treatment and finish the concrete tasks that protect his family and support a stable surrender.  The defense asks the Court to grant release pending sentencing on the conditions listed above.

Respectfully submitted,

/s/Terry K. Sherman, #0002417
Attorney for Defendant
52 West Whittier Street
Columbus, OH 43206
Phone: 614/444-8800
Email:  tkshermanlaw@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of September, 2025, I electronically filed the following with the Clerk of the Court, using the CM/ECF System, which will send notification of such filing to the following: Emily Czerniejewski, Assistant U. S. Attorney; and I hereby certify that I have mailed by United States Postal Service the document to the following non-DCM/ECF participants:  n/a .

/s/Terry K. Sherman, #0002417
Attorney for Defendant
Email:  tkshermanlaw@gmail.com